**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51787**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 12, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CAYLOR MARK TREMAYNE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Joseph W. Borton, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Caylor Mark Tremayne appeals from his judgment of conviction for possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers were dispatched to a call about a vehicle that drove off the road and into a residential front yard. On arrival, officers observed the occupant, later identified as Tremayne, slumped across the passenger seat. The vehicle's doors were locked and Tremayne was unresponsive. The first officer broke the rear passenger-side window to determine what happened to Tremayne and if he needed assistance. A second officer broke the rear driver-side window and began removing Tremayne from the vehicle. The first officer observed a blue pill on a piece of

1

foil near the center console, which led him to believe Tremayne overdosed on fentanyl. As a result, the second officer administered Narcan. While paramedics evaluated Tremayne, the first officer discovered a tooter[1] with burn residue outside of the driver-side door and a small plastic baggie in the front passenger-side seat containing five more blue pills. The State charged Tremayne with possession of a controlled substance, possession of drug paraphernalia, and a persistent violator enhancement.

Tremayne moved to dismiss the case, arguing that he was immune from prosecution pursuant to Idaho's overdose immunity statute (I.C. § 37-2739C(2)). The district court denied the motion. Thereafter, Tremayne entered a conditional guilty plea to possession of a controlled substance (I.C. § 37-2732(c)(1)), reserving his right to appeal the denial of his motion to dismiss. In exchange for his guilty plea, the State dismissed the remaining charges. Tremayne appeals.

## II.

## STANDARD OF REVIEW

This Court applies an abuse of discretion standard when it reviews a trial court's decision on a motion to dismiss. *State v. Eversole*, 160 Idaho 239, 244, 371 P.3d 293, 298 (2016). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

"Mindful" of the Idaho Supreme Court's opinion in *State v. Soliz*, 174 Idaho 571, 558 P.3d 716 (2024), Tremayne argues that the district court erred in denying his motion to dismiss. According to Tremayne, the charges against him should have been dismissed because he was immune from prosecution pursuant to Idaho's overdose immunity statute. The State responds that the district court correctly determined Idaho's overdose immunity statute does not apply because

---

[1] A "tooter" is a term used to describe a cylindrical device used to ingest narcotics.

Tremayne's medical emergency was not the "sole cause" of the discovery of the contraband. We hold that Tremayne has failed to show the district court erred in denying his motion to dismiss.

Idaho's overdose immunity statute provides:

> A person who experiences a drug-related medical emergency and is in need of medical assistance shall not be charged or prosecuted for possession of a controlled substance pursuant to [I.C. § 37-2732(c) or (e)], for using or being under the influence of a controlled substance pursuant to [I.C. § 37-2732C(a)], or for using or possessing with intent to use drug paraphernalia pursuant to [I.C. § 37-2734A(1)], if the evidence for the charge of possession of or using or being under the influence of a controlled substance or using or possessing drug paraphernalia was obtained *as a result of* the medical emergency and the need for medical assistance.

I.C. § 37-2739C(2) (emphasis added). The Idaho Supreme Court has addressed application of the overdose immunity statute to facts similar to those in Tremayne's case. *See Soliz*, 174 Idaho 571, 558 P.3d 716. In *Soliz*, an individual reported that Soliz's vehicle was impeding traffic and that Soliz was unconscious behind the wheel with his head slumped over. When officers arrived, they forced entry into Soliz's vehicle to provide medical assistance. During that intervention, the officers discovered and seized drug paraphernalia from Soliz's lap. The State charged Soliz with possession of a controlled substance, possession of drug paraphernalia, and driving under the influence. Like Tremayne, Soliz filed a motion to dismiss the possession of a controlled substance and drug paraphernalia charges, arguing that, because he was unconscious when the officers encountered him and he was in need of and received medical attention related to drug use, the overdose immunity statute protected him from prosecution. The Court disagreed. The Court interpreted the "as a result of" language in the statute to mean "sole cause." *Id.*, at 577, 558 P.3d at 722. Applying this interpretation, the Court held that the overdose immunity statute did not apply because Soliz's overdose and need for medical assistance were not the sole cause that led to the discovery of the controlled substance and drug paraphernalia. *Id.*, at 578, 558 P.3d at 723.

The same results apply here. Tremayne acknowledges as much, presenting his argument as "mindful" of *Soliz*. As in *Soliz*, Tremayne's overdose and need for medical assistance were not the sole cause that produced the discovery of the fentanyl and drug paraphernalia; rather, the discovery was the result of Tremayne's medical emergency and driving behavior. Tremayne has failed to show the district court erred in denying his motion to dismiss.

**IV.**

3

**CONCLUSION**

The district court correctly determined that Idaho's overdose immunity statute did not apply to Tremayne because his medical emergency was not the sole cause of the discovery of contraband. Tremayne has failed to show the district court erred in denying his motion to dismiss. Tremayne's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge TRIBE and Judge PETTY, **CONCUR**.